## CHARLES HUCKABE v. STATE.

No. A-8252. May 7, 1932.
(11 Pac. [2d] 212.)

See, also, 52 Okla. Cr. 342, 5 Pac. (2d) 408.

Williams & Sasseen, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Greer county of the unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $150 and imprisonment in the county jail for a period of 30 days.

The appeal to this court was originally by transcript, with application for an order requiring Greer county to furnish a transcript of the evidence at the expense of the county. This application was granted, and the case is now here upon the whole record.

Defendant contends, first, that the court erred in giving to the jury the following instruction:

"All persons concerned in the commission of a misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals and may be prosecuted and convicted as such."

This instruction is an exact copy of section 1521, C. O. S. 1921. Defendant's principal contention is that it was error for the court to refuse to give defendant's additional requested instruction, defining the words "aid and abet." There are several reasons why this contention is without merit: First, the words "aid and abet" are commonly used and understood by persons of ordinary understanding; any attempt to explain them could only lead to confusion. Again, the issue of principal and accessory was not properly in the case, and no instruction was necessary thereon.

Defendant next contends that the evidence is insufficient to support the verdict of the jury.

The assistant county attorney testified that he, with other officers, had gone to raid the home and place of business of K. W. Butler; that defendant went out of Butler's store with a half gallon of whisky; that he walked some distance from the store with another man and handed the other man the container to take a drink; that, after they both drank, defendant put the lid back on the container, set the liquor down in a concealed place, and said,

**293**

"If you want more it will be here"; that, after defendant was arrested, he said he did not believe the stuff was whisky, and asked the officer to let him see it; that, when the container was handed to him, he threw it on the floor and attempted to destroy the evidence. He is corroborated by other officers testifying for the state. Defendant did not testify.

This evidence was sufficient to support the verdict of the jury.

For the reasons stated, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.